COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-087-CR

STEPHANIE MICHELE GLASSCOCK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Stephanie Michele Glasscock of sexually assaulting the complainant, C.Y.,
(footnote: 2) and assessed punishment of ten years’ confinement.  In accordance with the jury’s verdict, the trial court suspended imposition of the sentence and placed Appellant on community supervision.  She appeals in a single point, asserting that the evidence at trial was factually insufficient.  We affirm.

BACKGROUND

According to the testimony at trial, on or around August 22, 2004, fifteen year old C.Y. and two other boys accompanied Appellant, C.Y.’s former math teacher, to her home while her husband was out of town.  C.Y. testified that he used a condom given to him by one of the other boys and had sexual intercourse with Appellant.  In State’s exhibit three, C.Y.’s videotape interview with Officer Gay Johnson, C.Y. states that he woke up naked with Appellant and that she asked him, “Was you the one I screwed?”  This portion of the videotape was played for the jury.

Platt Glasscock, Appellant’s ex-husband, testified that when he returned home the next day, he found a used condom in a drinking cup and a condom wrapper for a brand that he did not use.  He testified that he threw both away. He also testified that some of his guns were missing.  Glasscock testified that when he confronted Appellant about the condom, she said, “I had a party here, cheated on you.”  He called the Hood County Sheriff’s Department about the stolen guns; Officer Johnson began investigating that theft complaint during the end of August and beginning of September.

C.Y. made his outcry to Officer Johnson ten days after she began investigating the stolen guns.  Appellant was charged with violating section 22.011(a)(2)(C) of the penal code, which provides that a person commits an offense if she intentionally or knowingly “causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor.” 
 Tex. Penal Code Ann
. § 22.011(a)(2)(C) (Vernon Supp. 2006).  “Child” is defined as a person younger than seventeen who is not the spouse of the actor.  
Id
. §
 22.011(c)(1).

FACTUAL SUFFICIENCY OF THE EVIDENCE

In Appellant’s sole point, she claims that the only direct evidence was provided by the complainant, C.Y., who, she asserts, had a good reason to provide false testimony and a history of telling lies, based on Officer Johnson’s testimony that C.Y lied to her at least five times after he became a suspect in the gun theft.  She also complains that there was no physical evidence introduced at trial, specifically, no evidence of a DNA link between Appellant and C.Y.

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”  
Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
 Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.” 
 Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  C.Y. testified at trial, both in-person and on videotape, that he had sexual intercourse with Appellant at her home and used a condom.  This was corroborated by Platt’s testimony that the next day he found a used condom at the home he shared with Appellant and that she told him that she had cheated on him when he asked her about it.  Officer Johnson testified that she interviewed Appellant, who “indicated that . . . her husband had found a condom at the residence and she had to admit she was having an affair with someone.”

Although Officer Johnson testified that C.Y. lied to her several times when she questioned him about the guns and that he initially denied having a sexual relationship with Appellant, the jury chose to resolve this contradictory testimonial evidence against Appellant.  
See Johnson
, 23 S.W.3d at 8.  When asked about DNA evidence, Officer Johnson testified that she and the other investigator “did everything possible at the time frame that we were—we were into the case” and explained to the jury the “72-hour rule guideline,” testifying that, after seventy-two hours, there is a reduced chance of recovering forensic evidence of sexual assault.  Having reviewed all of the evidence, including the videotape, we cannot say that the jury was clearly wrong or manifestly unjust in convicting Appellant. 
 See Watson
, 204 S.W.3d at 414-15; 
Johnson
, 23 S.W.3d at 9, 11.  We overrule Appellant’s sole point.

CONCLUSION

Because we hold that the evidence was factually sufficient to support Appellant’s conviction, we affirm the trial court’s judgment.  
See Watson
, 204 S.W.3d at 414-15; 
Clewis v. State
, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996).

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 February 1, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
We refer to the complainant by his chosen pseudonym.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 57.02(b) (Vernon 2006).